pearing for the complainant, and filing an original stipulation, signed by the defendants. waiving any further defense therein, it is now, at this day, ordered, adjudged, and decreed: (1) That the letters patent granted to Lavinia H. Foy, May 1, 1866, for improvement in combined corsets and bustles, No. 54,323, in the bill of complaint, in this cause mentioned and set forth, are good and valid letters patent; and that the complainant became vested with the exclusive right in and to the said letters patent, as in said bill alleged and claimed. (2) That the said defendants have infringed upon the said complainant in her exclusive right under said letters patent aforesaid, as in said bill set forth, and by the testimony in this cause set forth and proven. (3) And it being admitted and agreed, by the stipulation aforesaid, that all the' damages due to the said complainant for the infringement aforesaid, excepting one dollar damages and one dollar profits, have been settled and paid to the full satisfaction of said complainant; it is further ordered, adjudged, and decreed that the said defendants, their attorneys, agents, servants. and workmen be perpetually enjoined during the lifetime of the said letters patent, from making, manufacturing, selling, or using, in violation of the said letters patent, any corset skirt-supporter containing the said invention of the said Lavinia H. Foy, in the said letters patent set forth and described, and that an injunction issue accordingly. (4)' And it is further ordered that the said defendants pay to the said complainant her costs of this suit, to be taxed, together with one dollar damages and one dollar profits, and that the said complainant have execution therefor according to the course and practice of this court.

## Case No. 5,020.

### FOY v. TALBURT.

[5 Cranch, C. C. 124.] 1

Circuit Court, District of Columbia. March Term, 1837.

1 [Reported by Hon. William Cranch, Chief Judge.]

R. J. Brent, for defendant [Jane Talburt],

Mr. Bradley, contra,

The jury having been sworn, THE COURT, at the motion of Mr. Bradley, instructed the jury, that if, from the evidence, they should be of opinion that a judgment was rendered in this case by a justice of the peace against the present plaintiff as executor, and that upon such judgment a ca. sa. was issued, and the plaintiff committed to prison, and that while there he paid the said judgment and costs, then the said money was paid by duress. Verdict for the plaintiff, $54.15.

## Case No. 5,021.

### In re FOYE.

[2 Lowell, 399.] 1

District Court, D. Massachusetts. March, 1875.

R. M. Morse, Jr., for petitioner.
C. Blodgett, for assignee.

LOWELL, District Judge. The bankrupt's wife sued for a divorce, and by order of one of the justices of the court in which that cause was pending, passed in accordance with a statute of Massachusetts, she attached his personal property, to answer any decree for alimony, and incurred large costs in the custody thereof. Before that suit was decided, the husband became bankrupt. the attachment was dissolved, and the chattels came to the possession of the assignee. The wife now applies for an order that her costs may be paid her in full.

1 [Reported by Hon. John Lowell. LL. D.. District Judge, and here reprinted by permission.]

The insolvent law of Massachusetts provided, that, when an attachment should be dissolved by the proceedings of the defendant in insolvency, and the plaintiff proved his debt, his costs should be a privileged claim upon the assets. Gen. St. c. 118, § 127. In Fortune's Case [Case No. 4.955], I worked out an equity in favor of attaching creditors, for their costs incurred in putting the property into the custody of the law, for the general benefit.

It is insisted, on behalf of the petitioner, that she has an equity like that which was admitted in Fortune's Case. I do not think so. She has no provable debt, and whatever she may hereafter recover in the way of alimony, and for costs, will be a valid debt against her husband, notwithstanding his discharge in bankruptcy. In the case cited, the debt and costs would have been barred; and the costs were not even provable as an ordinary debt, and unless they could be paid by a sort of equitable privilege. they could not be paid at all. Besides, the action in behalf of the wife is not one which I could presume, as in the case cited. to have been intended for the general good. It was brought for a quasi tort, and tended to diminish the fund which would have inured to creditors. Suppose a writ of replevin is brought against the bankrupt claiming all his personal property, but the action is finally decided in favor of his assignees, it might be argued that, but for the replevin, the bankrupt would have squandered his estate, and therefore the costs ought to be allowed. It seems to me that the statute of Massachusetts adopted the true equity. Some bankrupts, indeed, may not be discharged, and then the debt and costs might be recovered; but those cases form a very small fraction of the whole number. If the bankrupt is discharged, those plaintiffs whose debts or demands are not provable, have, to be sure, lost their original security, which is a hardship; but, on the other hand, they hold their full claim, and may levy it out of the future acquisitions of the bankrupt. The debt not being a provable one, its incident is not so. either as privileged or otherwise. Petition denied.

## Case No. 5,022.
### FOYE v. DABNEY et al.
[1 Spr. 212.] [1]
District Court. D. Massachusetts.   Jan., 1853.

J. H. Prince, for libellant.
R. H. Dana, Jr., for respondents.

THE COURT held, that the discharge of the second mate was not voluntary on his part, but coerced by the illegal conduct of the master, and that he was entitled to compensation as for a wrongful discharge. That the measure of damages was not, necessarily, his wages for the whole voyage. See Hunt v. Colburn [Case No. 6,886]; Sheffield v. Page [Id. 12,743].

His contract wages and expenses were allowed, up to the time when he might have reached his original home port, deducting what he had actually earned, or might have earned, on his passage home.

## Case No. 5,023.
### FOYE v. LECKIE.
[1 Spr. 210.] [1]
District Court, D. Massachusetts.   Jan. 1853.

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]